### WILLINNAR *v.* STATE OF INDIANA.

[No. 26,362. Filed December 19, 1935.]

*Atkinson & Husselman,* for appellant.

*Theodore T. Wood,* for appellee.

HUGHES, J.—The appellant was charged and convicted upon an affidavit charging him with passing a school hack, while operating an automobile, at a lateral distance of less than twenty feet upon a public highway in Steuben County, Indiana, at a time when and while said school hack was stopping and stopped to allow children to embark and alight therefrom. The appellant was fined twenty-five dollars ($25.00) and costs.

The overruling of the motion for a new trial is assigned as error. The reasons assigned for a new trial were that the verdict was not sustained by sufficient evidence and that it was contrary to law.

The appellant strenuously insists that the evidence is not sufficient to sustain the verdict in that there is no intent shown.

The evidence shows that one Avery Lemmon was the driver of the school hack; that the hack was a Model T Ford Sedan; that he had a sign or sticker on the windshield and one on the rear glass of the car; that the signs were five inches wide and sixteen inches long, the background being black with yellow letters which were three inches high and spelled "School Bus." The evidence further shows that on the morning in question the said Avery was driving the school bus and was picking up the school children along his route; that he had stopped at the home of Emery Thrush to pick up his grandchild, and when he stopped the child came running toward the bus and at the same time Avery saw a car which the appellant was driving, coming down the road; that Avery got out of his car to protect the child and also to try to stop the other car; the appellant drove

past the school hack, but stopped within forty feet. It further appears that the road where the car was stopped was level and straight, that the appellant is a school teacher and was, on the morning in question, going to his school in another township; that he knew the driver of the school bus and had passed him frequently on the road while he was driving the school hack or bus.

It was the contention of the appellant that when he saw the automobile stopped in the road that he did not know it was a school hack and that it had stopped to permit the driver to pick up a school child and that he did not see any person approaching the automobile.

The affidavit in the instant case is predicated upon §10136, Burns 1926, §47-512, Burns 1933, §11165, Baldwin's 1934, which is as follows:

> "It shall be unlawful for any person who is driving or operating a motor vehicle or motor bicycle to pass or attempt to pass any street car, interurban car or school hack, at a lateral distance of less than twenty feet, on any street or highway of this state, at any time while such car is stopping to allow passengers to alight therefrom or embark thereon. When the driver or operator of any such motor vehicle or motor bicycle shall approach any such street car, interurban car or school hack thus stopped, where the condition or width of the highway or street will not permit such operator to pass at a lateral distance of at least twenty feet, it shall be the duty of such driver or operator to stop such motor vehicle, operated by him, at a distance of not less than six feet from the rear thereof, and to remain at that distance from the rear of such street car, interurban car or school hack until the passengers have alighted from or embarked on such street car, interurban car or school hack, or until such car or hack shall have started. . . ."

The affidavit in the instant case was filed on September 11, 1932, and at that time there was no law regulating the equipment of "school buses" or "school hacks" as to painting, lettering, or signs to designate that such

vehicles were "school buses" or "school hacks." The General Assembly of 1933, §§47-701, 47-708, Burns 1933, §§6276, 6277, Baldwin's 1934, however, enacted a law regulating the equipment of "school buses" as to painting, lettering, lights, and signs, but even this act makes an exception as to privately owned motor vehicles, or vehicles of any other kind which are not operated under or by authority of the school corporation and provides that where children are transported to and from school in a passenger motor vehicle owned by an individual who contracts with the school authorities to transport children therein it shall not be necessary to paint such motor vehicle a certain color, nor to provide certain lights, signals nor signs bearing the words "school bus."

In the instant case the "school hack" was a Model T Ford sedan. There was nothing about it that distinguished it from any other Model T Ford sedan except the stickers on the front and rear of the car. It cannot be said that one is bound to take notice of all signs pasted on the windshield and rear glass of a Ford car, and if one who is driving another car is without knowledge or facts sufficient to put him upon knowledge that the car he is passing is a school hack or bus stopped for the purpose of taking on or letting off school children then such person would not be guilty of violating the statute in question. The mere fact in itself that he passed such car is not sufficient to sustain a conviction. The State must go further and show he had knowledge that the car he was passing was a "school bus" or "school hack" or show such a state of facts that would imply knowledge.

In the instant case there is evidence from which the jury might have drawn the inference that the appellant knew that the automobile which he passed was a school hack, and, if he knew this, then under the law he would be guilty.

There was some evidence to sustain the verdict and this court will not weigh the same. It may be said that it is a close case on the evidence, but whether or not the evidence in any case is clear, or overwhelming, or conclusive, is a question for the jury trying the cause, and the judge presiding at such trial. When the jury have passed upon this question, and returned their verdict, and when the court, under whose eye and within whose hearing the evidence has been introduced and the cause has been tried, has refused to disturb the verdict upon the weight or sufficiency of the evidence, it is not our duty to reverse the judgment, because it may seem to us from our reading of the record, that it is not sufficient, if in fact there is evidence in the record to sustain the verdict. As heretofore stated there was evidence to sustain the verdict and the judgment must be affirmed.

Judgment affirmed.