THOMPSON *v.* STATE OF INDIANA

[No. 28,163. Filed May 21, 1946.]

*Leonidas A. Guthrie,* of Muncie, for appellant.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

GILKISON, J.—Appellant was charged by affidavit, in the Delaware Circuit Court, with assault and battery with intent to commit a rape. On application of appellant, the venue was changed to the Blackford Circuit Court, where on application of appellant, a special judge was regularly selected and qualified to try the case.

The cause was tried by a jury resulting in a verdict of guilty as charged in the affidavit. Appellant filed a motion for new trial for the statutory reasons, which was overruled by the court, and the defendant was by proper judgment duly sentenced to the Indiana State Reformatory for not less than one year nor more than 10 years and from this judgment, this appeal is taken.

Error assigned is "the court erred in overruling appellant's motion for a new trial."

Appellant's sole defense was an alibi, and appellant, his father-in-law and mother-in-law testified in substance that he was at his father-in-law's home some two miles away from the scene of the crime at the time the offense was committed. The injured woman quite positively identified appellant as the person who brutally attacked her at her home. It then became the duty of the jury under proper instructions from the court to determine whom it would believe and whom it would not believe. By its general verdict the jury determined that it believed the evidence of the injured person, and disbelieved the evidence of the appellant and his two witnesses. This the jury had a right to do. Appellant's attorney in this appeal then filed a motion for new trial for appellant in which he questioned the sufficiency of the evidence to sustain a conviction. This motion was heard by the trial judge, who had full authority to set the verdict aside and grant appellant a new trial, if he felt the evidence was such as to leave a reasonable doubt of appellant's guilt.

The able and experienced trial judge no doubt listened with care to the presentation of the motion for new trial. By overruling the motion he added the weight of his approval to the jury's verdict.

This court will not pass upon the credibility of the witnesses, or weigh the evidence on appeal. In such matters it will not disturb the finding of the jury and judgment of the trial court, if there is substantial evidence to support each essential element of the offense charged. *Walker* v. *State* (1934), 206 Ind. 232, 236, 189 N. E. 127; *Whitney* v. *State* (1934), 206 Ind. 562, 570, 188 N. E. 779; *Smith* v. *State* (1937), 212 Ind. 605, 609, 610, 10 N. E. (2d) 899; *Willinnar* v. *State* (1935), 209 Ind. 264, 268, 198 N. E. 779.

Admitting that this is the law, the writer of appellant's brief says he feels that,

". . . in the interest of justice, this court should be asked to review the record in its entirety and determine whether or not, in the opinion of this court, justice has been administered as the law contemplates."

While we are not required to do so, we have examined the record. Appellant has pointed out no lack of evidence to sustain the judgment and we have found none. We feel that the finding and judgment below is fully sustained by the evidence.

The judgment is therefore affirmed.

NOTE.—Reported in 66 N. E. (2d) 597.