WILLIS CLAY DEAN *v.* STATE OF INDIANA

[No. 1-1277A301. Filed June 26, 1978. Rehearing denied August 11, 1978. Transfer denied November 6, 1978.]

*William W. Gooden,* of Mt. Vernon, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *William E. Dailey,* Deputy Attorney General, for appellee.

LYBROOK, P.J. — Willis Clay Dean, defendant-appellant, brings this appeal following a jury verdict finding him guilty of assault and battery with intent to gratify sexual desires[1] and the subsequent imposition of a sentence of two to twenty-one years.

It is uncontested that sufficient evidence was presented to sustain the conviction if the testimony of the seven year old victim of the alleged assault was properly admitted into evidence. We therefore find a repetition of the evidence to be unnecessary.

The sole issue presented for our review is whether the seven year old victim was competent to testify as a witness.

The trial judge conducted a voir dire of the child out of the presence of the jury. In the voir dire the judge questioned the child as to her understanding of the difference between the truth and lies. He asked about her belief in God and whether or not she understood that lying was bad. The child showed a clear understanding of the difference between truth and lies and she further showed an understanding of the meaning of taking an oath. The trial judge then ruled her to be a competent witness, over the defendant's objection.

Dean contends that more than just a showing of an understanding of taking an oath is required to declare a child under 10 years to be a competent witness. He contends that the child must be shown to be able to receive factual impressions and accurately relate them in order to be a competent witness. He cites no Indiana authority for the proposition but does cite authority from other jurisdictions for this basic theory.

Both this court and the Indiana Supreme Court have recently spoken

---

1.  IC 1971, 35-1-54-4.

to the competency of a child to testify. IC 1971, 34-1-14-5 creates a rebuttable presumption that a child under age ten is incompetent unless it is shown that the child understands the nature and obligation of an oath. The decision of the child's understanding of an oath and the resulting competency is committed to the discretion of the trial court and that decision will be reversed only upon a showing of clear error. *Smith v. State* (1978), 175 Ind.App. 479, 372 N.E.2d 511.

Dean is attempting to impose a new requirement for a finding of competency of child; namely, the child must be shown to be able to receive factual impressions and correctly relate them. The Supreme Court recently spoke to a finding of competency in *Johnson v. State* (1977), 265 Ind. 689, 359 N.E.2d 525, by quoting *Martin v. State* (1969), 251 Ind. 587, 244 N.E.2d 100, as follows:

> " 'The qualification of the child as competent does not imply [he] will be a model witness, nor does it imply that [his] testimony will be supported by the other evidence. . . . None of those issues bears on [his] *competency* as a witness. An adult witness is not rendered incompetent because he makes inconsistent statements or has a suspected faulty memory. The statutory presumption of incompetence is overcome when the child demonstrates an understanding of "the nature and obligation of an oath" *and there is no further test.*' " (Emphasis added.)

We believe that the test requested by the defendant goes not to the competency of the witness, but to the weight and credibility of her testimony. The weighing of testimony and testing of credibility of witnesses is solely a task for the trier of fact, *Dew v. State* (1978), 268 Ind. 17, 373 N.E.2d 138, and neither this court nor the trial court may usurp the jury's fact finding function.

The trial court properly voir dired the witness and evidence was presented to show her understanding of the meaning of an oath. The trial court properly exercised its discretion, and Dean has shown no abuse of discretion or error by the trial court. The judgment is therefore affirmed.

Affirmed.

Robertson and Lowdermilk, JJ., concur.

NOTE—Reported at 377 N.E.2d 420.