**Roger MOORE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 179S15.**

Supreme Court of Indiana.

April 30, 1980.

Daniel L. Toomey, Toomey & Woloshansky, Merrillville, for appellant.

Theodore L. Sendak, Atty. Gen., Jeffrey K. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of second degree murder by jury. During arguments on a motion to correct errors, the trial judge stated that he believed the evidence to be "sketchy", and that he was not convinced of the defendant's guilt beyond a reasonable doubt. The trial judge stated that he was unsure of the proper standard of review when ruling on a sufficiency of the evidence issue. The judge went on to say:

" . . . What I'm saying is that I'm going to deny that on the sole ground that I don't believe trial judges in this State have the power to interfere with a jury's verdict as a 13th juror. That is to say it is no remedy for setting aside a jury's verdict because the Judge was not convinced beyond a reasonable doubt of the Defendant's guilt. Now, if they say that, yes the trial judge does have that power, it would then be remanded for a hearing on the motion."

It is the decision of this Court to remand this case to the trial judge for the purpose of a determination as to the sufficiency of the evidence.

The law in this state is conflicting on the trial court's authority to weigh evidence and judge credibility of witnesses when presented with a sufficiency of the evidence question. Article 1, § 19, of the Indiana Constitution vests the authority to determine the law and the facts in a criminal case with the jury. It has been held that the trial court should not weigh evidence, as that would be invading the province of the jury. See *Dean v. State*, (1978) Ind.App., 377 N.E.2d 420. This Court has, however, stated that Article 7, § 1, of the Indiana Constitution, which vests judicial power in the court, should be invoked "to prevent a travesty on justice." *Holloway v. State*, (1976) Ind., 352 N.E.2d 523, 529, quoting *Parker v. State*, (1894) 136 Ind. 284, 35 N.E. 1105.

In *Lowery v. State*, (1925) 196 Ind. 316, 322, 148 N.E. 197, this Court stated:

" . . . the judge of the trial court, who saw the witnesses and heard them testify, may and should consider and pass upon the weight of conflicting evidence. But, after he has approved the verdict, an Appellate Court, to which the evidence comes only in written or printed form, can consider only the question whether or not there is any evidence which if believed, will support the verdict."

This approach was expanded in *Thompson v. State*, (1945) 224 Ind. 290, 292, 66 N.E.2d 597, where this Court stated:

"Appellant's attorney in this appeal then filed a motion for new trial for appellant in which he questioned the sufficiency of the evidence to sustain a conviction. This motion was heard by the trial judge, who had full authority to set the verdict aside and grant appellant a new trial, if he felt the evidence was such as to leave a reasonable doubt of appellant's guilt."

See also *Barry v. State*, (1918) 187 Ind. 49, 118 N.E. 309; *Partlow v. State*, (1929) 201 Ind. 207, 166 N.E. 651; *Deal v. State*, (1894) 140 Ind. 354, 39 N.E. 930.

Trial Rule 59(I)(7) (Rules of Trial Procedure) reads:

"[I]n reviewing the evidence, the court shall grant a new trial if it determines that the verdict of a nonadvisory jury is against the weight of the evidence . . ."

Trial Rule 59(I)(7) is controlling through CR 16, which states in part:

" . . . Trial Rules 59 (Motion to Correct Errors) will apply to criminal proceedings insofar as applicable and when not in conflict with any specific rule adopted by this court for the conduct of criminal procedure."

The trial judge and jury are similarly situated. The judge is exposed to the testimony and demeanor of witnesses. The trial court is required by T.R. 59(I)(7) to make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted when the verdict is not in accord with the evidence. The finding must set forth the "supporting and opposing evidence to each issue upon which a new trial is granted."

We, therefore, hold that a trial judge, in ruling upon a motion to correct errors, has the duty to examine the evidence to ascertain whether or not there is evidence beyond a reasonable doubt to support the verdict of the jury.

We, therefore, remand this case to the trial court with instructions to rule on the appellant's motion to correct errors con-

sistent with the provisions of Trial Rule 59(I)(7).

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.