**Freeman JOHNSON,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 3–680A186.**

Court of Appeals of Indiana,
Fourth District.

Dec. 24, 1980.
Rehearing Denied Jan. 26, 1981.

Anthony V. Luber, South Bend, for appellant–defendant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee–plaintiff.

CHIPMAN, Judge.

Freeman Johnson was found guilty, by a jury, of possession and dealing of a schedule III controlled substance. The trial court entered judgment on the dealing verdict and Johnson now brings this appeal.

We affirm.

*Johnson has raised the following issues:*

1. Whether the trial court erred in instructing the jury that Johnson had the burden of proving he possessed the controlled substance pursuant to a valid prescription;

2. Whether the jury verdict on the possession charge was contrary to law and unsupported by the evidence;

3. Whether there was sufficient evidence from which the jury could have found Johnson had a predisposition to deliver the controlled substance; and

4. Whether the trial court erred in not granting Johnson's Motion for Judgment on the Evidence.

## FACTS

On September 7, 1977, Johnson was contacted by Bobby Harris, a former high school classmate and a person Johnson "knew from the streets." Harris was a police informant, employed on a "contingency fee basis."[1] Harris was attempting to procure some speed (phendimetrazine) for undercover police officers Jack Galloway and Cheryl DeCleene. The four of them met and the officers told Johnson they wanted to buy 20 hits of speed. DeCleene testified Johnson sold them the 20 hits of speed and offered to get them up to 100 hits but they declined his offer.

On September 10, 1977, Harris again initiated and attended another meeting of the same four parties. This time the officers purchased 12 hits of speed. DeCleene also testified Johnson "told us to come by any time we wanted anything."

Finally, on October 28, 1977, Harris initiated a third meeting, this time between Johnson and Officer Horvath. At this meeting Johnson sold Horvath 55 hits of speed for $50. The two informations filed in this case arose out of the latter transaction and the two former transactions were admitted into evidence on the issue of predisposition to deal in the controlled substance.

The jury found Johnson guilty of Possession of a Controlled Substance in violation of Ind.Code 35-48-4-7[2] and of Dealing in a schedule III controlled substance in violation of Ind.Code 35-48-4-2.[3] At his sentencing the following entry was made by the trial court:

"IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court, on the jury's finding of guilty on Two Counts, that the verdict of guilty of Possession merges in the finding of guilty on the greater offense of Dealing in a Controlled Substance, and the defendant, Freeman Johnson, Jr., be and he hereby is declared guilty of the crime of Dealing in a Controlled Substance and that he be and hereby is sentenced to the Department of Corrections for a period of eight (8) years."

## POSSESSION

■ Johnson challenges the instruction given by the trial court, based on Ind.Code 16-6-8.5-6,[4] that the defendant had the burden to prove by a preponderance of the evidence that he possessed the controlled substance pursuant to a prescription of a practitioner acting in the course of his professional practice. He also challenges the

1. Harris was paid by the police only if his information or activities led to an actual controlled buy.

2. "35-48-4-7 Possession of a controlled substance
   A person who, without a valid prescription or order of a practitioner acting in the course of his professional practice, knowingly or intentionally possesses a controlled substance classified in schedule I, II, III, IV, or V, except marijuana or hashish, commits possession of a controlled substance, a Class D felony."

3. "35-48-4-2 Dealing in a schedule I, II or III controlled substance
   A person who:
   (1) knowingly or intentionally manufactures or delivers a controlled substance, pure or adulterated, classified in schedule I, II or III, except marijuana or hashish; or
   (2) possesses, with intent to manufacture or deliver, a controlled substance, pure or adulterated, classified in schedule I, II, or III, except marijuana or hashish;

commits dealing in a schedule I, II, or III controlled substance, a Class B felony. However, the offense is a Class A felony if the person delivered the substance to a person under eighteen (18) years of age at least three (3) years his junior."

4. "16-6-8.5-6. Burden of proof.–(a) It is not necessary for the state to negate any exemption or exception in this chapter or in IC 35-48 [35-48-1-1—35-48-4-14] in any complaint, information, indictment, or other pleading or in any trial, hearing, or other proceeding under this chapter or under IC 35-48. The burden of proof of any exemption or exception is on the person claiming it. (b) In the absence of proof that person is the duly authorized holder of an appropriate registration or order form issued under IC 35-48-3 [35-48-3-1—35-48-3-9], he is presumed not to be the holder of the registration or form.

sufficiency of the evidence to sustain the possession charge. While counsel for Johnson has presented us with a persuasive argument that IC 16–6–8.5–6 unconstitutionally shifts the burden of proof of an element of the offense of illegal possession to the defendant,[5] we must nonetheless refrain from addressing this issue regarding Johnson's possession charge. Counsel for both Johnson and the State have failed to realize that Johnson is attempting to appeal a conviction that does not exist. Although the jury found Johnson guilty of possession, the trial court clearly entered judgment only on the dealing charge. Accordingly, Johnson may only appeal that judgment.

## ENTRAPMENT

■ On October 28, 1977, Harris telephoned Chief Emery Molnar of the South Bend Police Department and told him he could arrange a controlled buy. Chief Molnar then telephoned Officer Horvath and asked him to meet Harris at a local McDonalds. Harris contacted Johnson and set up a meeting at the McDonalds. The trio met there and they left in a car driven by Johnson. The exchange of the drugs and the money took place in the car.

At trial Johnson contended he was entrapped by the police. The defense of entrapment is set out in IC 35–41–3–9.

"(a) It is a defense that:

(1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion of other means likely to cause the person to engage in the conduct; and

(2) the person was not predisposed to commit the offense.

(b) Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment."

"When there is evidence that a police officer or his agent has participated in the buying of a controlled substance the State must present evidence showing the accused's predisposition to commit the criminal act in order to show that the act

was not solely the idea of the police. The accused cannot rely on the defense of entrapment if the police merely afford him the opportunity to commit the crime. *Silva v. State,* (1980) Ind.App., 410 N.E.2d 1342. The question of predisposition is one of subjective intent and is for the trier of fact. *Stewart v. State,* (1979) Ind., 390 N.E.2d 1018; *Silva v. State, supra; Stayton v. State,* (1980) Ind.App., 400 N.E.2d 784."

*Voirol v. State,* (1980) Ind.App., 412 N.E.2d 861. In determining whether the conviction was supported by sufficient evidence, we will not weigh the evidence nor resolve questions of witness credibility. We will only consider the evidence that is most favorable to the State, together with all reasonable and logical inferences that may be drawn from it. Where there is substantial evidence of probative value to support the jury's verdict, the conviction will not be set aside. *Hutcherson v. State,* (1978) Ind., 380 N.E.2d 1219.

■ Since Johnson admitted he sold the controlled substance to Officer Horvath and since Horvath admitted he participated in the buying of the controlled substance, the sole issue left to the trier of fact was whether Johnson was predisposed to selling the controlled substance. Circumstantial evidence giving rise to inferences of predisposition include the defendant's readiness to participate, his solicitation, or conduct evincing the defendant's willingness or desire to engage in future sales. *Payne v. State,* (1976) 168 Ind.App. 394, 343 N.E.2d 325 (concurring opinion by Garrard, J. in which Hoffman, J. concurs).

In this case Officer DeCleene testified that during the first drug transaction, Johnson told her he could get her 100 hits of speed when she requested only 20. She also testified he told her to come by any time she wanted anything, although it is unclear from the record whether this was said at the first or the second transaction. We believe these statements manifested

---

5. See *Mullaney v. Wilbur,* (1975) 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508, and *In re Winship,* (1970) 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368.

Johnson's readiness to participate and his willingness or desire to engage in future sales. There was sufficient evidence from which the jury could have found Johnson was predisposed to dealing the controlled substance.

This same issue, sufficiency of the evidence as to predisposition, was recently addressed by us in *Voirol v. State, supra* where we found the evidence did not support the conviction. In that case we did not have any statements by the defendant giving rise to inferences of predisposition. The only evidence of predisposition in that case was the quantity of the drug the defendant possessed and we held in the absence of any evidence as to the relative size of the quantity, no logical inference of predisposition could be made.

## JUDGMENT ON THE EVIDENCE

■ Lastly, Johnson contends the trial court erred in failing to grant his Motion for Judgment for acquittal filed pursuant to Ind.Rules of Procedure, Trial Rule 50. Citing *Memorial Hospital of South Bend, Inc. v. Scott,* (1973) 261 Ind. 27, 300 N.E.2d 50, Johnson argues:

"even if the jury's verdict were supported by sufficient evidence and were not contrary to law under the appellate review standard (a point not conceded) the trial court is still empowered in his role as a 'thirteenth juror' to set aside the jury's verdict to prevent injustice.

For this court to determine if the trial court functioned according to the *Bailey v. Kain* [6] standard, it is necessary for it to consider not whether there is evidence from which the jury could conclude guilt but *whether from the evidence the court would conclude guilt.*"

---

6. *Bailey v. Kain,* (1963) 135 Ind.App. 657, 192 N.E.2d 486.

We disagree. *Memorial Hospital* correctly sets out the standard of review employed by us in cases where the trial court, acting as a thirteenth juror, *has granted* a new trial.

"Appellant frames [his] Trial Rule 50 . . . assertion . . . as if this court on appeal can weigh the sufficiency [of the evidence]. However when such a motion is denied after the jury has rendered a verdict, this court, like the trial court, must view only the evidence and reasonable inferences to be drawn therefrom favorable to the verdict in accordance with the standard of raising such an alleged error pursuant to Ind.Rules of Procedure, Trial Rule 59(A)(4)."

*Smith v. Kauffman,* (1977) Ind.App., 366 N.E.2d 1195. For a T.R. 50 motion to be successful "there must be a total lack of evidence upon some essential issue, or the evidence must be without conflict, susceptible of only one inference, which is in favor of the accused. *Carmon v. State,* (1976) 265 Ind. 1, 349 N.E.2d 167.

As discussed above, sufficient evidence was produced at trial to sustain the jury's verdict. The trial court did not err in failing to grant Johnson's T.R. 50 motion.

The judgment of the trial court is affirmed.

YOUNG, P. J., and MILLER, J., concur.