**Donnie HOWARD, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 3–1080A316.**

Court of Appeals of Indiana,
Third District.

June 30, 1981.

Kenneth R. Watson, Williamsport, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Presiding Judge.

Defendant-appellant, Donnie Howard (Howard) appeals from his convictions for criminal conspiracy, a class D felony; possession of marijuana, a class A misdemeanor; and visiting a common nuisance, a class B misdemeanor. On May 16, 1980 he was sentenced to concurrent terms of two years, one year and six months respectively.

On appeal, defendant presents four issues for consideration:

(1) whether the trial court erred in admitting testimony of unrelated criminal conduct of defendant;

(2) whether the trial court erred in failing to merge defendant's conviction for possession with his conviction for conspiracy or in failing to merge defendant's conviction for visiting a common nuisance with either the possession conviction or the conspiracy conviction;

(3) whether the trial court erred in denying defendant's motion for a directed verdict (judgment on the evidence) on the conspiracy charge; and

(4) whether the trial court erred in failing to weigh the evidence when it denied defendant's motion to correct errors.

The record discloses that early in the afternoon of June 29, 1979 Officer William Peevler and a police informant went to the residence of William "Bub" Knipe, a house trailer in West Lebanon, Indiana, for the purpose of purchasing marijuana. On their arrival, Peevler and the informant met with Howard, Knipe and four other persons. Since most of the group was unfamiliar with Peevler, some preliminary discussion took place before Peevler was permitted to join the others in the trailer. When Peevler entered the trailer, he testified that he heard the defendant offer to trade Knipe two bags of marijuana for Knipe's stereo. Knipe refused the offer and the defendant then removed a plastic bag containing marijuana from his shirt pocket and rolled a marijuana cigarette. The cigarette was lit and passed around the room. After almost everyone, including Howard, smoked the marijuana cigarette, the informant asked Knipe if he had a half pound of marijuana to sell. Knipe replied that he did not but that he did have two bags which the informant could purchase. Knipe's wife then removed two bags from a kitchen cupboard which were later found to contain 44.1 grams of marijuana. When the informant received the two bags, he took out $70 in cash which was handed to Knipe. Knipe took one of the bills and handed it to the defendant. When the transaction was completed, the informant asked the defendant if he could buy a half pound of marijuana from the defendant. Howard answered that the informant would have to check

with Knipe because Knipe took care of all of his business. The defendant then got up to leave and told Knipe to contact him that night at 10:00 P.M. and he would probably have a half pound by then.

Defendant's first contention on appeal is that the trial court erred when it permitted Officer Peevler to testify that he heard the defendant offer to trade two bags of marijuana for Knipe's stereo. Defendant argues that this is testimony of criminal conduct unrelated to the crime charged and that it is therefore inadmissible as evidence of defendant's guilt. He further maintains that none of the recognized exceptions to the rule of inadmissibility apply here.

 In general, evidence of an accused's criminal conduct unrelated to the crime charged, is inadmissible to show the guilt of the accused.

*Armstrong v. State* (1980), Ind., 412 N.E.2d 1207; *Montgomery v. State* (1980), Ind., 412 N.E.2d 793. Such evidence is irrelevant to the guilt or innocence of a defendant and serves only to prejudice the defendant and mislead the jury. *Lawrence v. State* (1972), 259 Ind. 306, 286 N.E.2d 830. However, evidence of unrelated criminal activity may be used, for example, to show intent, *Choctaw v. State* (1979), Ind., 387 N.E.2d 1305; guilty knowledge, *Vandeveer v. State* (1971), 256 Ind. 509, 269 N.E.2d 865; *Coker v. State* (1980), Ind.App., 399 N.E.2d 857; identity, *Cobbs v. State* (1975), 264 Ind. 60, 338 N.E.2d 632; and common scheme or plan, *Henderson v. State* (1980), Ind., 403 N.E.2d 1088. In such cases, the overriding interest of the State in arriving at the truth prevails over any tendency of the evidence to prejudice the defendant. *Lawrence*, 259 Ind. at 310, 286 N.E.2d at 833. Evidence of unrelated criminal activity which is competent and relevant to a fact

in issue is not inadmissible merely because it tends to show guilt of another crime. *Maldonado v. State* (1976), 265 Ind. 492, at 495, 355 N.E.2d 843, at 846.

 The testimony here at issue was properly admitted into evidence under the guilty knowledge exception. Guilty knowledge must be shown in order to convict an accused of marijuana possession. IC 1971, 35–48–4–11(1) (1980 Burns Supp.) states that one is illegally in possession of marijuana only when one "knowingly or intentionally" possesses it. Certainly testimony that Howard offered to trade two bags of marijuana for Knipe's stereo is relevant to show that the defendant knowingly possessed the marijuana. Therefore, the trial court correctly admitted that testimony into evidence.[1]

Howard's second argument is that his possession conviction should be merged with his conspiracy conviction. He also contends that his conviction for visiting a common nuisance should be merged with either the possession or the conspiracy conviction.

 The "merger doctrine" was the subject of somewhat extensive discussion in *Elmore et al. v. State* (1978), 269 Ind. 532, 382 N.E.2d 893. In that case, the Supreme Court made it clear that merger is no longer an independent doctrine, and analysis of whether convictions should be merged must be based on double jeopardy principles. The focus is on whether the *offenses* charged are the same and not whether they arise from the same act. *Elmore*, 269 Ind. at 539, 382 N.E.2d at 897; see, *McFarland v. State* (1979), Ind.App., 384 N.E.2d 1104. The fact that the offenses arise from the same act is only the first step in the analysis and merely informs the court of a potential problem. *Elmore*, 269 Ind. at 539, 382 N.E.2d at 897. Thus, if the offenses

1. The defendant also argues that the testimony at issue here is inadmissible based on the rule that evidence of prior drug involvement may not be used to impeach a witness. Defendant cites the decision of this Court in *Haynes v. State* (1980), Ind.App., 411 N.E.2d 659. In rejecting defendant's argument it is noted that *Haynes* clearly holds that evidence of prior drug involvement *is* admissible where drug involvement is at issue in the case to show guilty knowledge, common scheme or plan, that the witness was under the influence of drugs at the time of the offense and to address an unrelated incident after the defendant has "opened the door" on direct examination. 411 N.E.2d at 664. Since the testimony was used here to show guilty knowledge, it is admissible.

charged grow out of the same act, one must then determine if the offenses are the same. To make this determination one must decide whether each offense charged requires proof of an additional fact which the other does not. *Id.* at 534, 382 N.E.2d at 895 (adopting the test of *Blockburger v. United States* (1932) 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306). Where each offense requires proof of an element not required by the other offense, the offenses are different and cannot be merged. Applying *Elmore* to the facts of the case at hand, merger was not applicable.

Howard's possession conviction should not be merged with the conspiracy conviction. First, the two convictions do not even arise from the same act. The possession charge was based on the defendant's possession of marijuana while he was at Knipe's trailer and the conspiracy charge is based on the sale of 44.1 grams of marijuana to the police informant. Hence, the first hurdle of *Elmore* is not met. Second, even if the convictions had arisen from the same act, possession of marijuana and conspiracy are not the same offense. The central element of a conspiracy is an agreement between two or more persons, *Woods v. State* (1980), Ind., 413 N.E.2d 572, and an agreement is not required for convictions of marijuana possession. Possession of marijuana, on the other hand, requires that the accused knowingly possess the marijuana, IC 1971, 35-48-4-11(1), which element need not be shown to prove a conspiracy. As a result, possession of marijuana and conspiracy cannot be merged.[2]

Defendant's conviction for visiting a common nuisance should also not be merged with his possession or conspiracy conviction. Visiting a common nuisance requires that an accused knowingly visit a building that is used to unlawfully use a controlled substance. IC 1971, 35-48-4-13(a) (Burns 1979 Repl.). Neither possession nor conspiracy requires visitation. Furthermore, visiting a common nuisance does not require that an accused possess marijuana nor need an agreement be proven. Hence, visiting a common nuisance and possession each require the showing of a fact that the other does not. In the same way, visiting a common nuisance and conspiracy each require proof of an element that the other does not. Consequently, visiting a common nuisance cannot be merged with either possession of marijuana or conspiracy.

The next issue which the defendant brings on appeal is whether the trial court erred by denying defendant's motion for a directed verdict (judgment on the evidence) on the conspiracy charge. At the close of the State's evidence, Howard moved for a judgment of acquittal. He argued that the only evidence linking him to a conspiracy to deal in marijuana was that he received some of the money paid to Knipe by the police informant for the marijuana purchased at Knipe's residence. Howard contends that the State failed to connect the money received by him to the marijuana sale and that his motion for acquittal should have been granted.

To avoid a judgment on the evidence, the State need only make out a prima facie case. The State need not show that every reasonable doubt has been overcome. *Dunville v. State* (1979), Ind., 393 N.E.2d 143. A directed verdict of acquittal is only proper where there is a complete

---

2. To support his merger argument further, the defendant cites cases where a charge of dealing in a controlled substance was merged with a possession charge: *Thompson v. State* (1972), 259 Ind. 587, 290 N.E.2d 724, *cert. denied* 412 U.S. 943, 93 S.Ct. 2788, 37 L.Ed.2d 404 (1973); *Johnson v. State* (1980), Ind.App., 413 N.E.2d 686. These cases are easily distinguishable based on the *Elmore* test discussed above. Dealing in marijuana (knowing delivery or possession with intent to deliver) necessarily includes a showing that one possesses marijuana, which is the same element required for proof of possession. IC 1971, 35-48-4-10 (1980 Burns Supp.); IC 1971, 35-48-4-11 (1980 Burns Supp.). Where dealing and possession charges arise from the same act, it cannot be said that each charge requires proof of an element that the other does not. Hence, dealing and possession would be merged. As discussed above, this result cannot be applied where an accused is instead charged with *conspiracy* and possession.

 

lack of evidence on an essential element or if the evidence supports only an inference favoring the defendant. *Proctor v. State* (1979), Ind., 397 N.E.2d 980.

In the case at hand, evidence was presented on each element of the conspiracy charge. A conspiracy requires proof of an agreement between two or more persons to commit a felony and an overt act in furtherance of the agreement. IC 1971, 35–41–5–2(a) and (b) (Burns 1979 Repl.); *see, Woods v. State, supra*. Moreover, conviction for a conspiracy may rest on circumstantial evidence alone. *Williams v. State* (1980), Ind., 409 N.E.2d 571. In this case witnesses for the State testified that Howard received a portion of the money used to purchase marijuana, that a marijuana sale took place and that Howard was present during that sale; that, in answer to an offer to purchase one-half pound of marijuana, Howard stated that Knipe took care of "all his business." This evidence was sufficient to satisfy the State's burden, and the trial court properly denied the defendant's motion for judgment on the evidence. In fact, such evidence was enough to support the burden of proof beyond a reasonable doubt.

The final issue presented here is whether the trial court erred in denying defendant's motion to correct errors. Howard maintains that the decision of *Moore v. State* (1980), Ind., 403 N.E.2d 335 requires a trial judge to weigh the evidence whenever a motion to correct errors is filed to determine if the jury verdict is supported by evidence beyond a reasonable doubt.

In *Moore*, the defendant filed a motion to correct errors following an unfavorable jury verdict challenging in part the sufficiency of the evidence for conviction. In ruling on the sufficiency question, the trial judge stated that he was unsure of the proper standard of review and that he did not believe that a trial judge could overturn a jury verdict in a criminal proceeding simply because he was not convinced beyond a reasonable doubt that the defendant was guilty. *Moore*, 403 N.E.2d at 335–336. On appeal the Supreme Court reversed the trial court decision:

"We, therefore, hold that a trial judge, in ruling upon a motion to correct errors, has the duty to examine the evidence to ascertain whether or not there is evidence beyond a reasonable doubt to support the verdict of the jury." 403 N.E.2d at 336.

*Moore* cannot be applied in this case. The holding in *Moore* addressed a trial court ruling on a sufficiency of the evidence challenge. In the case at hand, the defendant has not questioned the sufficiency of the evidence either in his motion to correct errors or on appeal. Surely, where a defendant argues that the evidence is insufficient to support the verdict, the trial court ought to be required to scrutinize that evidence. If the *Moore* holding is applied as Howard requests in this case, however, a trial judge would be required to weigh the evidence each and every time a motion to correct errors is filed whether or not any of the specified errors are even vaguely related to the sufficiency of the evidence on which the jury verdict is based. Consequently, the trial court was not required to weigh the evidence in denying the defendant's motion to correct errors.

Affirmed.

GARRARD, J., concurs.

STATON, J., concurs in result.