STATE of Indiana, Appellant
(Plaintiff Below),

v.

Dennis J. BARNACK, Appellee
(Defendant Below).

No. 3–483A102.

Court of Appeals of Indiana,
Third District.

Sept. 12, 1983.

Linley E. Pearson, Atty. Gen. of Indiana, Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

HOFFMAN, Presiding Judge.

Appellee Dennis J. Barnack was convicted by a jury of child molesting, a class D felony.[1] The evidence against appellee consisted mainly of the testimony of his adopted daughter, S.B., the victim. The incident occurred while S.B. was visiting appellee who was no longer married to S.B.'s mother.

S.B. testified that she was awakened in the middle of the night by a lengthy French kiss administered to her by her father. Appellee then slid his hand between S.B.'s thighs and began rubbing her groin area. An attempt was made by the father to caress S.B.'s breasts but she prevented him from doing so. S.B. then persuaded her father to leave her alone and go to bed. S.B. related the incident to her mother when she returned home at the end of the weekend.

Appellee was tried before a jury and found guilty. The jury was polled and it was determined the verdict was unanimous. Judgment was entered on the verdict by the trial court. However, prior to sentencing and before either party had submitted a motion to correct errors, the trial court conducted a hearing and set aside the judgment. The trial court based its action on Ind.Rules of Procedure, Trial Rule 50(A).

Findings of fact and conclusions of law were entered by the trial court to support its determination that S.B. was not a credible witness and therefore the evidence did not support the jury's verdict of guilty. Several bases were set out by the trial court in its findings to support its determination. These findings included:

1) S.B.'s testimony differed substantially during cross-examination and direct examination and also contradicted her deposition taken prior to trial;

---

1. Ind.Code § 35–42–4–3 (Burns 1979 Repl.).

2) S.B. did not enjoy visiting her father and was not displeased when visitation was terminated as a result of the incident at issue;

3) S.B. did not cry out during the incident even though another adult was in a nearby room and failed to contact her mother or some other authority during a one-hour period of time that she was left alone in the father's house the following day; and

4) S.B.'s mother dismissed a battery charge she had brought against appellee a few years prior in return for compensation and had contacted appellee concerning a similar resolution of the instant matter just two days prior to trial.

Based on the above-stated findings the trial court concluded S.B. was not a credible witness and granted judgment on the evidence for appellee. The State appeals.

In the instant case the trial court acted as a "thirteenth juror," or rather the "seventh juror" since appellee was tried before a six-man jury. The proper standard to be applied in such an instance was recently discussed by the Supreme Court in *State v. Lewis,* (1981) Ind., 429 N.E.2d 1110. The Court stated:

"Recently the applicability of the 'thirteenth juror' test to criminal cases was addressed in *Moore v. State,* (1980) Ind., 403 N.E.2d 335. The court in *Moore* held that the 'thirteenth juror' standard applied to the question of whether or not a new trial was justified under Trial Rule 59. The use of the 'thirteenth juror standard' which allows judges to weigh credibility and weigh evidence, cannot be applied in granting a Rule 50 motion for judgment on the evidence. A judgment on the evidence (directed verdict) in a criminal proceeding is proper only where there is a total absence of evidence on some essential issue or where the evidence is without conflict and susceptible to only one inference and that inference is in favor of the defendant." (Citations omitted.) 429 N.E.2d at 1114.

Accordingly, the trial court applied the wrong standard in the case at bar when it granted judgment on the evidence based on a determination that S.B. was not a credible witness. As credibility goes to the weight to be given evidence, the trial court necessarily had to weigh the evidence to reach a conclusion the evidence was insufficient to support the verdict. This was improper according to *State v. Lewis, supra.*

Further, certain findings made by the trial court are not supported by the record. A careful review of the record discloses no material differences in S.B.'s testimony on direct or cross-examination or in her pre-trial deposition. While there were some differences in S.B.'s answers, they were not material nor did they affect the critical portions of her testimony with regard to material elements of the crime.

Likewise, there is no support to be found in the record for the trial court's finding that S.B.'s mother attempted to negotiate some monetary settlement two days prior to trial. In fact appellee testified that S.B.'s mother did come to his house two days prior to trial to borrow some pictures of the children's Halloween celebration. He did not mention any discussion they had regarding a monetary settlement in return for a dismissal of the charges.

In conclusion the trial court was within its power in acting as the seventh juror and determining that S.B. was not a credible witness, at least insofar as some findings in that regard made by the trial court are supported by the evidence. However, in reaching that conclusion the trial court should have ordered a new trial since the result was in effect a hung jury. *State v. Lewis, supra; Moore v. State,* (1980) Ind., 403 N.E.2d 335. As there was conflicting evidence, the trial court erred in granting judgment on the evidence for appellee. For the reasons stated above the decision of the trial court is reversed and appellee should be granted a new trial.

Reversed.

GARRARD and STATON, JJ., concur.