STATE of Indiana, Plaintiff-Appellant,

v.

Patricia J. KLEMAN, Defendant-Appellee.

No. 3–985A243.

Court of Appeals of Indiana, Third District.

April 23, 1986.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

Howard S. Grimm, Jr., John M. Haecker, Fort Wayne, for defendant-appellee.

GARRARD, Judge.

Patricia Kleman was tried by a jury and was convicted of murder in the shooting death of one Terry Beebe. Under a second count she was also convicted of criminal recklessness.

Upon her subsequent motion to correct errors the court determined that the murder verdict was contrary to and not supported by the evidence. It vacated the conviction of murder and found Kleman guilty of voluntary manslaughter.[1]

The state appeals.

At the outset we are confronted with a question of whether the state's appeal was timely taken. The court's order granting in part the motion to correct errors was entered December 14, 1984. Kleman was not resentenced until March 11, 1985. On May 10, 1985 the state filed its motion to correct errors and this appeal followed.

Pursuant to Indiana Rules of Procedure, Trial Rule 59(F) and *Fancher v. State* (1982), Ind., 436 N.E.2d 311, the state could have simply appealed the order granting Kleman's motion to correct errors. It did not do so. According to the court in *Fancher* the state also had the option to file its own motion to correct errors. This it did.

Kleman, however, contends the state's motion was not timely because it was not filed within sixty (60) days after the court's ruling on December 14, 1984. The state counters that the time for filing the motion should run from the sentencing date, and that therefore it was timely.

Criminal Rule 16 provides that in all criminal cases the defendant shall have sixty days from the date of sentencing to file a motion to correct errors. The rule also provides that Trial Rule 59 will apply to criminal proceedings "insofar as applicable and when not in conflict with any specific [criminal] rule." Despite the fact that CR 16 speaks only of the defendant's filing, a motion to correct errors is the proper vehicle for the state to use. *State v. McMillan* (1980), 274 Ind. 167, 409 N.E.2d 612, *cert. denied* 450 U.S. 1003, 101 S.Ct. 1714, 68 L.Ed.2d 207 (1981).

Trial Rule 59(C) provides that the motion "shall be filed not later than sixty (60) days after the entry of a final judgment or an appealable final order."

We think at least three reasons support the state's position in the case before us as the better view.

---

1. In its ruling on the motion to correct errors the court noted that "[t]he parties did not request legal instruction or argue to the jury on the distinction between Murder and Voluntary Manslaughter."

First, while the state may technically suffer prejudice at the point where the court entered its order, the extent of that prejudice is not known until a new sentence has been imposed. If, upon resentencing, the state believes substantial justice has been reached, an appeal may be averted.

Secondly, establishing the time for the state to file its motion to correct errors to be the same as that for the accused will tend to avoid confusion over filing deadlines.

Third, it has clearly been held that the mere entry of the verdict is not an appealable final judgment. *Clanton v. State* (1974), 159 Ind.App. 603, 308 N.E.2d 726; *Spall v. State* (1973), 156 Ind.App. 189, 295 N.E.2d 852. Similarly in *Dowdell v. State* (1975), 166 Ind.App. 395, 336 N.E.2d 699 for purposes of applying a statutory amendment in the imposition of sentence we held that final judgment was entered at the time of sentencing. *See also McMinoway v. State* (1973), 260 Ind. 241, 294 N.E.2d 803 stating that "sentencing" and "judgment" are synonymous for purposes of our prior statute on the imposition of judgment. (*See* Burns I.S.A. Sec. 9–2205. (Repealed).) Thus, there is a substantial basis for concluding that a bare judgment of conviction is not a final judgment or applicable final order within the contemplation of TR 59(C).

We conclude, therefore, that the state's motion to correct errors was timely since it was filed within sixty days after sentencing.

We turn then to the state's argument that the court erred in applying the "thirteenth juror" principle. As both parties acknowledge, in *Moore v. State* (1980), 273 Ind. 268, 403 N.E.2d 335 our Supreme Court determined that under Article 7, Section 1 of the Indiana Constitution a trial court in a criminal case was authorized to weigh the evidence and consider its sufficiency to prevent a jury's verdict from committing a travesty of justice. 403 N.E.2d 336. Under the facts present in *Moore* the court merely ordered a remand to the trial court for that consideration. It did not review the trial court's determination.

Trial Rule 59(J)(7) sets forth the civil standard for such reviews. Presumably it applies except to the extent that it conflicts with other well grounded rules of criminal law. CR 16; *Moore, supra.* It states:

"In reviewing the evidence, the court shall grant a new trial if it determines that the verdict of a non-advisory jury is against the weight of the evidence; and shall enter judgment, subject to the provisions herein, if the court determines that the verdict of a non-advisory jury is clearly erroneous as contrary to or not supported by the evidence, or if the court determines that the findings and judgment upon issues tried without a jury or with an advisory jury are against the weight of the evidence.

In its order correcting error the court shall direct final judgment to be entered or shall correct the error without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper; and if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair. If corrective relief is granted, the court shall specify the general reasons therefor. When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence."

The bare language of the rule appears to chart three courses of action available to the trial court where a case is tried to a non-advisory jury.

First, if the court determines the verdict is against the weight of the evidence it shall grant a new trial. Its order shall specify the general reasons therefor and shall include special findings of fact on each material issue or element of the claim or defense upon which a new trial is granted. It shall indicate that the verdict is against the weight of the evidence and shall relate the supporting and opposing evidence on each issue upon which the new trial is granted. The reason for these recitations and findings is to permit appellate review. *See* 4 Harvey & Townsend, *Indiana Practice* 140–141.

Second, if the court determines that the verdict is clearly erroneous as contrary to or not supported by the evidence it shall enter the appropriate judgment unless that is "impracticable or unfair to any of the parties or is otherwise improper." Again the court must specify the general reasons therefor.

Third, where the verdict is clearly erroneous as contrary to or not supported by the evidence but it is impracticable, unfair or otherwise improper to enter a corrective judgment, the court shall grant a new trial. If it proceeds under this alternative it shall give its general reasons and make special findings as under the first alternative and, in addition, shall state in the findings the reason why it was impracticable, unfair or improper to enter a corrective judgment.

How do these alternatives accord with application of the criminal law? Specifically, where a jury convicts an accused of one offense, is the trial court empowered under TR 59(J)(7) to find the accused guilty of a different offense? Would it be unfair to the state or the accused or improper to do?

Clearly, under such circumstances the trial court may not find an accused guilty of a more serious offense than that found by the jury. *See, e.g., Beavers v. State*

(1957), 236 Ind. 549, 141 N.E.2d 118; *Daily v. State* (1858), 10 Ind. 536.

If there is a failure of proof the trial court may enter judgment for the accused as a consequence of the Supreme Court's decision in *Burks v. United States* (1978), 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1. Similarly, where the court determines that there has been a failure of proof only as to the element that distinguishes the offense found by the jury from a lesser included offense, the decisions support the power of the court to find the accused guilty of the most serious lesser offense established by the evidence. These situations, however, arise where the evidence is viewed from the perspective most favorable to the state and under that perspective there is a failure of proof on a necessary element of the offense upon which the accused was convicted. *See Peek v. State* (1983), Ind.App., 454 N.E.2d 450; *McFarland v. State* (1979), 179 Ind.App. 143, 384 N.E.2d 1104.

The state argues, in part, that such a limitation (not weighing the evidence) should be imposed whenever the trial court utilizes TR 59(J)(7). We disagree. The plain language of the rule and the thrust of *Moore* are to the contrary.

■ The implication of *Moore* is clear that the trial judge may grant a new trial if the judge determines the verdict is against the weight of the evidence and would, thus, constitute a travesty of justice.

It is, however, unclear from the opinion whether the court may judge the weight of the evidence to set aside a verdict and impose a conviction for a lesser offense.

■ We need not here determine whether and to what extent that power might exist under some circumstance, because we are convinced that in no event should it extend to finding an accused guilty of an offense that was not presented to the jury.

■ Here the trial court noted in its ruling that neither side requested instruction on voluntary manslaughter. More-

over, while the court could have instructed the jury on that offense *sua sponte,* it did not do so.

Accordingly, we find the trial court was limited to granting a new trial under the circumstances.

On the other hand, its statement of reasons for granting relief are adequate and no abuse of discretion has been shown.

We therefore reverse the conviction for voluntary manslaughter and remand to the trial court with instructions to grant a new trial.

Reversed and remanded.

STATON, P.J., and HOFFMAN, J. concur.