**David L. CARPENTER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S00–8705–CR–464.

Supreme Court of Indiana.

May 24, 1988.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Child Molesting, a Class B felony, and Child Molesting, a Class C felony. On the Class B felony, appellant was sentenced to twelve (12) years and on the Class C felony he was sentenced to five (5) years, the sentences to run concurrently.

The facts are: On the evening of June 18, 1986, appellant and Bobby Williams went to the apartment of the victim's mother for a social drink. While the three adults were having drinks in the living room, the 11–year–old victim entered the room and asked her mother to read her a bedtime story. The mother replied that she would read to the child as soon as her guests had left.

Appellant offered to tell the victim a bedtime story and went back to her bed-

room. After shutting the door halfway and turning off the light, appellant sat on the bed and told the child a story. When he finished the story, appellant pulled the child's nightgown up and her panties down and put his face in her vaginal area. He licked her vaginal area several times then sucked on her breasts. While appellant was committing the acts, he was on his knees on the floor and had his hand over the child's mouth. Appellant then asked the victim to perform oral sex upon him and she shook her head no. Appellant told the victim he would give her $2.00 if she would not tell on him.

As appellant rose from his kneeling position, the mother opened the door and walked into the room. She had noticed that the light was off and had come to investigate. Appellant stated that he had done nothing to the victim, then rushed out of the room turning on the light as he left. The child then told her mother what had happened, and the mother went into the living room and confronted appellant.

The mother's downstairs neighbors, Cheryl Pierson and Donald Hasson, came to the mother's apartment that evening. When they entered the living room, they saw appellant coming toward the living room from the hallway. They also saw the mother go back to the child's bedroom after appellant was in the living room. While the mother confronted appellant, both the child and her brother came out to the living room. After a few minutes, all guests left the apartment.

■ Appellant claims the evidence is insufficient to sustain his conviction. Appellant acknowledges that this Court will not reweigh the evidence. He takes the position that the evidence is insufficient because the only direct evidence presented by the State is the testimony of the victim. Both the child and her mother testified that appellant was still in the bedroom at the time the mother entered. Appellant relies on the testimony of guests who stated that appellant was in the living room by the time the child called for her mother.

Appellant claims the witnesses remained firm in this position; an examination of the record, however, shows that they were in fact confused as to the sequence of events. All of this was submitted to the jury for their consideration. We see no reason to invade the province of the jury and reassess the evidence. *Herrod v. State* (1986), Ind., 491 N.E.2d 538.

This Court has repeatedly stated that the uncorroborated testimony of a victim is sufficient to sustain a conviction. *Pearson v. State* (1985), Ind., 486 N.E.2d 540; *Tuggle v. State* (1984), Ind., 457 N.E.2d 1094.

■ Appellant claims the trial court erred in refusing to admit the statement of the victim's brother allegedly made shortly after the victim reported the incident to her mother. When testifying for the State, the brother stated that he was in his bedroom playing the radio and did not know anything unusual was happening until he heard his mother and appellant shouting. At that time, he came out to find out what was happening.

Later appellant called the brother as his witness and asked him what he had said when he came into the living room. The brother stated that he did not remember making any statement. Appellant then called Cheryl Pierson and attempted to have her testify as to what the brother had said when he entered the living room. The court repeatedly sustained objections to such testimony. Appellant made no offer to prove, however, and this record totally fails to disclose what appellant believes the brother said when he entered the living room.

In the absence of an offer to prove, we have no way of adjudicating whether the testimony would have been germane to the subject. *Nunn v. State* (1983), Ind., 450 N.E.2d 495. It is difficult to conceive what theory appellant could have been proceeding under in view of the fact that the only testimony in the record indicates the brother knew nothing of the occurrence until it was over. Thus, it is difficult to imagine the possibility of his statement being favorable to appellant.

In a belated motion to correct error, there is a statement made by appellant's

counsel that if the court had allowed the testimony describing the content of the brother's statement when he entered the living room, it would have shown that he stated his sister was masturbating at the time he passed her room. This statement is not supported by a citation to any page in the record nor do we find such a statement in the record by independent search. Of course, appellant's gratuitous statement in the motion to correct error does not constitute an offer to prove.

We find no reversible error. The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.