**STATE of Indiana, Appellant,**

v.

**Patricia J. KLEMAN, Appellee.**

**No. 02S03-8702-CR-207.**

Supreme Court of Indiana.

Feb. 13, 1987.

Linley E. Pearson, Atty. Gen. Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Howard S. Grimm, Jr., John M. Haecker, Fort Wayne, for appellee.

DeBRULER, Justice.

In this case the appellee was convicted following a trial by jury of murder and also criminal recklessness. The trial court granted her motion to correct errors, set aside the conviction and sentence for murder, and entered a new conviction and sentence for voluntary manslaughter. The State appealed, and the Third District of the Court of Appeals reversed, and remanded to the trial court with instructions to grant a new trial. *State v. Kleman* (1986), Ind.App., 491 N.E.2d 585.

Two issues were raised and resolved by the opinion of the Third District, namely whether the State had filed its motion to correct errors in a timely fashion and whether the trial court erred in reducing the conviction to manslaughter and resentencing appellee to an appropriate sentence for that offense, in response to the claim in appellee's motion to correct errors that the evidence had been insufficient to convict.

■ The first issue was correctly resolved by the Third District when it held that the State was not restricted in procedure and time for taking the first steps to initiate an authorized State's appeal by TR 59(F), but could properly await the new sentencing, and invoke the procedure and schedule authorized by TR 59(C). That part of the opinion of the Third District is not vacated by this grant of transfer in accordance with Appellate Rule 11(B)(3) as amended effective January 1, 1987.

■ The second issue is viewed otherwise. The appellant's argument is that the trial court misapplied the "thirteenth juror" principle in two respects, namely, in wrongly and inaccurately weighing the evidence given at trial with respect to whether it supports the verdict of guilty of murder, and in wrongly permitting its view of the weight of evidence to result in more than a new trial upon the murder charge. The argument is based upon a false premise and therefore cannot be sustained.

After the conviction and sentence were handed down by the trial court, appellee Kleman, filed her motion to correct errors, which was granted in part on December 14, 1984. The conviction for manslaughter was substituted in that order upon the conclusion being reached that: "The verdict on Count I is contrary to, not supported by and against the weight of the evidence." The body of the order reflects the use of a fact-finding approach appropriate when acting as a "thirteenth juror", and a review approach appropriate when acting upon a motion for judgment on the evidence under TR 50.

The State filed its motion to correct errors pointing out that the trial court was restricted to granting a new trial when using the fact-finding authority of the "thirteenth juror" principle. That position is correct. *Moore v. State* (1980), 273 Ind. 268, 403 N.E.2d 335. The "thirteenth juror" approach and the review or *prima facie* evidence approach are both found in TR 59(J)(7). The former in the language that ".. the court shall grant a new trial if it determines that the verdict ... is against the weight of the evidence ..", and the latter in the language that the court "..  shall enter judgement .. if it determines that the verdict .. is clearly erroneous as contrary to or not supported by the evidence, ..". Only the former involves a fact-finding process.

The ruling of the court on the State's motion to correct errors was given on June 11, 1985, and contained the following excerpt:

"In the Memorandum Order of December 14, 1984 this court intended to and did direct an acquittal on Count I and final judgment. For the reasons and findings made, *inter alia*, the verdict of the non-advisory jury in this cause, is, upon Count I clearly erroneous as contrary to and not supported by the evidence. All interpretation, inference or reference made to the contrary is in error and held for naught.

Final judgment thereon is ordered, accordingly. The motion is in all other respect, DENIED."

By this ruling, the trial court did correct the error made in the prior ruling wherein he had used his fact-finding prerogative and then entered judgment. Following this correction, it is clear that the substituted conviction for manslaughter does not rest upon an application of the "thirteenth juror" principle, and there is no basis in the record for the premises relied on in the appellate argument.

While the foregoing is a sufficient basis upon which to resolve this issue against appellant, we note less technical and more direct support for the action of the trial court in this case. This court in *Ritchie v. State* (1963), 243 Ind. 614, 189 N.E.2d 575 held:

"If we, on appeal, may order a modification of the judgment of conviction to that of a lesser included offense because of an insufficiency of evidence on a particular element of crime then certainly a trial court may do so upon a motion for a new trial, where the grounds exist therefor, in order to correct the error and avoid a useless appeal."

In *Ritchie* the court concluded by directing the trial court to modify its judgment by reducing the conviction from rape to assault and battery with intent to gratify sexual desires. In so doing the court cited reasoning from another jurisdiction that while murder and manslaughter may be distinct from one another, the verdict of guilty of murder necessarily implies the finding of all of the facts essential to the offense of manslaughter.

In *Hutchinson v. State* (1967), 248 Ind. 226, 225 N.E.2d 828, this court ordered the trial court to modify its judgment finding the appellant guilty of murder to involuntary manslaughter. And in *Dickens v. State* (1973), 260 Ind. 284, 295 N.E.2d 613 this court, again applying a review standard, ordered a murder conviction reduced to manslaughter. In this case, as pointed out by the opinion of the Third District, the jury did not receive an instruction on manslaughter as a lesser and included offense. We deem that factor benign in its effect upon the propriety of the reduced sentence in light of the fact that manslaughter is a lesser and included offense of murder generally, *Dickens v. State, supra,* is in addition included within a charge of murder, and the presentation of evidence at trial would have been made by the parties upon the assumption that manslaughter was also charged.

Appellee's Petition to Transfer is Granted in accordance with Rule 11(B)(3) as amended affective January 1, 1987. The appeal of the State is not affirmed, and the convictions for manslaughter remains intact.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.