Roman L. JONES, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 45S00–9704–CR–279.

Supreme Court of Indiana.

July 23, 1998.

James F. Stanton, Superior Court of Lake County, Appellate Division, Crown Point, for Appellant.

Jeffrey A. Modisett, Attorney General, Rosemary L. Borek, Deputy Attorney General, Indianapolis, for Appellee.

DICKSON, Justice.

Following a jury trial, the defendant, Roman L. Jones, was convicted of three counts of murder[1] and two counts of attempted murder.[2] The jury recommended the death penalty. Notwithstanding this recommendation, the trial court sentenced the defendant to a term of years.[3] In this direct appeal, the defendant contends that the evidence required the trial court to grant his motions for acquittal and a new trial, and that the State's presentation to the jury was misleading and constituted a submission of the case to the jury on an improper theory, thereby violating due process.

The defendant and Kenneth Spiller were drug dealers who had been involved in selling cocaine from Levester Snelling's house. The defendant and Spiller decided to kill Snelling either because Snelling owed Spiller money or because Snelling had informed police about the drug operations. When the defendant and Spiller arrived at the house on January 20, 1995, they found Snelling in the northeast bedroom. Spiller entered the room and shot him. Spiller then walked to the southwest bedroom to join the defendant. This room was occupied by four women smoking crack cocaine: Snelling's niece, Diane Snelling; his daughter, Stacey Snelling; and two friends, Terri Lee Ross and Geraldine Jackson. Two semi-automatic pistols were fired rapidly at the women in the room, killing Ross, Jackson, and Snelling's daughter. Only Snelling and his niece survived. At trial, the State claimed that the defendant personally participated in the shootings and that he was also liable as an accessory.

The defendant contends that the evidence showed that all of the shots fired from the two pistols were fired by Spiller and not by the defendant and, therefore, the trial court erred in refusing to enter a judgment of acquittal upon his motion for judgment on the evidence or, in the alternative, to grant a new trial.

The defendant first contends that he is entitled to acquittal under Trial Rule 50.[4] Judgment on the evidence in the form of acquittal is appropriate only where there is a complete absence of evidence on an element of the offense or the evidence is without conflict and susceptible to only one inference that is favorable to defendant. *Stewart v. State*, 688 N.E.2d 1254, 1258 (Ind. 1997) (citing *Lowery v. State*, 547 N.E.2d 1046, 1051 (Ind.1989), *cert. denied*, 498 U.S.

1. Ind Code § 35–42–1–1 (1993).

2. Ind.Code § 35–41–5–1 (1993).

3. The defendant was sentenced to two hundred and twenty-five years—three sixty-year terms for the murders, Ind Code § 35–50–2–3 (Supp.1994), and to two forty-five year terms for the attempted murders. Ind.Code § 35–50–2–4 (Supp.1994). The murder counts and one attempted murder count were ordered to be served consecutively, with the other attempted murder count to be served concurrently.

There were two murder sentencing statutes in effect when these murders were committed. Both statutes contained the same possible maximum sentence, but the presumptive sentences were different. *See Smith v. State*, 675 N.E.2d 693 (Ind.1996). Under the correct sentencing statute, the trial court would have used a forty year presumptive sentence and could have enhanced the sentence by twenty years, for a maximum sentence of sixty years. The defendant does not raise any issue concerning his sentence on appeal and, in any event, it is clear the trial court intended to impose the maximum sentence. *See, e.g., Beason v. State*, 690 N.E.2d 277, 285 n. 21 (Ind.1998); *Birdsong v. State*, 685 N.E.2d 42, 47 n. 2 (Ind.1997).

4. The defendant cites Trial Rule 50(C), which allows the trial court to grant a new trial in lieu of a judgment on the evidence. The substance of the relief the defendant seeks under this rule, however, is acquittal, which is provided for in Trial Rule 50(A). Therefore, we treat this portion of the defendant's argument as one brought under Rule 50(A).

881, 111 S.Ct. 217, 112 L.Ed.2d 176 (1990)). The trial court is to consider only the evidence favorable to the non-moving party, and the reasonable inferences to be drawn from that evidence. *State v. Lewis,* 429 N.E.2d 1110, 1116 (Ind.1981), *cert. denied,* 457 U.S. 1118, 102 S.Ct. 2931, 73 L.Ed.2d 1331 (1982). The State need only present a prima facie case to avoid judgment on the evidence. *Canaan v. State,* 541 N.E.2d 894, 905 (Ind. 1989), *cert. denied,* 498 U.S. 882, 111 S.Ct. 230, 112 L.Ed.2d 185 (1990). The defendant concedes his burden, but argues that the evidence shows nothing more than his presence at the scene the night of the shooting.

We disagree. An Indiana State Police firearms expert, Sergeant Paul Fotia, testified that five ejected live cartridges, nine spent casings, four bullets, and two bullet fragments were recovered from the crime scene. Based upon the markings on the recovered casings, Fotia testified that two .9 mm Luger semi-automatic pistols were used, although neither was recovered. Snelling testified that he saw both Spiller and the defendant carrying a pistol. Snelling's niece testified that, when Spiller joined the defendant in the southwest bedroom, she saw a pistol in each man's hand and she saw fire coming out of each man's pistol.

■ Further, even if we assume that the evidence conclusively established that Spiller fired both pistols, the evidence most favorable to the non-moving party is sufficient evidence to support the defendant's conviction on grounds of accomplice liability. IND. CODE § 35–41–2–4 (1993). While the defendant's presence during the commission of the crime or the failure to oppose the crime are, by themselves, insufficient to establish accomplice liability, they may be considered along with other facts and circumstances tending to show participation. *Harris v. State,* 425 N.E.2d 154, 156 (Ind.1981); *Burkes v. State,* 445 N.E.2d 983, 987 (Ind. 1983). The jury may also consider the defendant's relation to or companionship with the one engaged in the crime and the defendant's actions before, during, and after the crime. *Harris,* 425 N.E.2d at 156. An accomplice is held vicariously responsible for committing the actual offense. *Johnson v. State,* 687

N.E.2d 345, 349 (Ind.1997). Spiller's testimony implicated the defendant in the planning and the execution of the shooting spree; there was copious evidence of motive; the defendant was present at the scene; and he fled the scene with Spiller. The evidence against the defendant made a prima facie case of accomplice liability. *See Baker v. State,* 483 N.E.2d 736, 739 (Ind.1985). He was not entitled to judgment on the evidence.

■ The defendant contends, in the alternative, that he is entitled to a new trial under Trial Rule 59(J)(7). When ruling on a motion to correct error where the request is for a new trial, the trial court acts as a thirteenth juror and, as such, may weigh the evidence and judge the witnesses' credibility. *State v. Kleman,* 503 N.E.2d 895, 896 (Ind. 1987). The court may order a new trial if it determines that the verdict is against the weight of the evidence. T.R. 59(J)(7); *Kleman,* 503 N.E.2d at 896. Upon reviewing a trial court's ruling on motion for new trial, an appellate court is to examine the record to determine whether: "(a) [t]he trial court abused its judicial discretion; (b) [a] flagrant injustice has been done the appellant; or (c) [a] very strong case for relief from the trial court's ordering a new trial has been made by the appellant." *Huff v. Travelers Indem. Co.,* 266 Ind. 414, 429, 363 N.E.2d 985, 994 (1977).

As noted above, the evidence was sufficient under either an accomplice or principal liability theory. Accordingly, we find neither an abuse of discretion, a flagrant injustice, nor a strong case for the relief sought. We decline to reverse the trial court's refusal to grant a new trial.

■ The defendant's final contention is that the State's primary theory (that the defendant participated in the crimes by personally shooting at the women), even if presented in good faith, was so materially inaccurate when viewed against the evidence that it misled the jury. The defendant contends that due process requires a new trial.

For legal support, the defendant asserts that a general verdict cannot stand when a case is tried on two theories and one of the theories is later determined to have been

improperly submitted to the jury. *Miller v. State*, 275 Ind. 454, 417 N.E.2d 339, 343 (1981) ("A general verdict can not stand when the case was tried and submitted on two theories, one bona fide and the other not.") (citing *Bachellar v. Maryland*, 397 U.S. 564, 569–71, 90 S.Ct. 1312, 1315–16, 25 L.Ed.2d 570, 575–76 (1970); *Williams v. North Carolina*, 317 U.S. 287, 291–92, 63 S.Ct. 207, 210, 87 L.Ed. 279, 282 (1942)).

██ This claim fails because neither theory submitted by the State in this case is invalid or improper. A defendant may be charged as a principal and convicted as an accessory. *See Johnson v. State*, 518 N.E.2d 1073, 1077 (Ind.1988). In this case, the defendant was charged both as a principal and as an accessory. The jury was instructed on both principal and accomplice liability. As we have noted, there was sufficient evidence for the jury to have convicted the defendant under either theory. Accordingly, we find no violation of due process.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.