### Amy N. NEHER, Appellant,

v.

### Gregory D. HOBBS and Emma J. Hobbs, Appellees.

No. 92S04–0109–CV–401.

Supreme Court of Indiana.

Jan. 10, 2002.

Branch R. Lew, Kerry M. Hultquist, Hunt Suedhoff & Kalamaros, Fort Wayne, IN, Attorneys for Appellant.

Dennis H. Geisleman, Dennis R. Brown, Law Office of Dennis H. Geisleman, Fort Wayne, IN, Attorneys for Appellee.

DICKSON, Justice.

In this personal injury case, the trial court granted the plaintiffs' motion to correct errors and ordered a new trial following a jury verdict partially adverse to the plaintiffs. The Court of Appeals reversed and ordered the jury verdict reinstated. *Neher v. Hobbs*, 752 N.E.2d 48 (Ind.Ct. App.2001). We granted transfer, *Neher v. Hobbs*, 2001 Ind. LEXIS 851, 761 N.E.2d 417 (Ind.2001), thereby automatically vacating the opinion of the Court of Appeals pursuant to Indiana Appellate Rule 58(A). We now remand for further proceedings.

At trial, the jury returned a verdict in favor of plaintiff Gregory Hobbs on his negligence claim but awarded zero damages. On plaintiff Emma Hobbs's loss of consortium claim, the jury found for the defendant. The trial court thereafter granted the plaintiffs' motion to correct errors, finding that "[t]he award of $0

damages ... is contrary to the evidence, clearly erroneous, and contrary to law," and that the defendant's verdict on Emma Hobbs's derivative claim "is inconsistent with the Jury's determination of fault on the primary claim." Record at 17. The trial court ordered a new trial to be held on all issues.

The defendant presents this appeal, arguing that the trial court failed to supply sufficient findings of fact pursuant to Indiana Trial Rule 59(J)(7)[1] and that the trial court abused its discretion as the "thirteenth juror." On cross-appeal, the plaintiffs argue that the trial court erred in failing to restrict the new trial to the issue of damages only.

The defendant first contends that the findings and order of the trial court in setting aside the jury verdict and ordering a new trial failed to comply with Indiana Trial Rule 59(J). This rule provides that if a trial court determines that prejudicial or harmful error has been committed, it "shall take such action as will cure the error," and thereafter presents a non-exclusive list of alternative measures. The rule concludes:

> If corrective relief is granted, the court shall specify the general reasons therefor. When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate

---

**1.** Minor modifications were made to Indiana Trial Rule 59 effective in 1999 and 2001 but they did not involve subsection (J).

the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence.

T.R. 59(J).

This provision includes important express requirements. When a trial court grants a motion to correct error because the verdict is not in accord with the evidence, the judge must make special findings that address each material issue or element relevant to the order and that indicate whether the verdict is (a) against the weight of the evidence (if so, the findings must relate the supporting and opposing evidence to each issue upon which a new trial is granted) or (b) clearly erroneous as contrary to or not supported by the evidence (if so, the findings must explain why the judge did not enter a judgment on the evidence).

In this case, the trial judge granted the plaintiff's motion to correct errors and ordered a new trial. His order included the following findings:

1. On October 11, 1995, Plaintiff, Gregory D. Hobbs, was operating a van in the scope of his employment in an easterly direction on U.S. Highway 30 in Whitley County, Indiana.

2. Mr. Hobbs'[s] company van was struck in the rear by a vehicle operated by Defendant, Amy N. Neher.

3. Mr. Hobbs sought to recover damages from Ms. Neher which he alleges resulted from the collision and for which he alleges Ms. Neher was at fault.

4. Plaintiff, Emma J. Hobbs, his spouse, has a derivative claim against Ms. Neher for loss of consortium and services.

\* \* \*

7. During the presentation of the case to the Jury, Defendant conceded that the Plaintiff, Gregory D. Hobbs, was not at fault in the accident.

8. Further, evidence was presented to the Jury regarding stipulated Worker's Compensation benefits paid to Plaintiff, Gregory D. Hobbs, as a result of the accident. Plaintiffs' exhibit 32 sets forth the Stipulation, which is attached hereto and incorporated herein.

9. The Jury found the Defendant at fault for the accident. By stipulation, medical expenses were incurred by the Plaintiff, Gregory D. Hobbs, and he was permanently impaired. These damages resulted from the accident.

10. The award of $0 damages to the Plaintiff, Gregory D. Hobbs, is contrary to the evidence, clearly erroneous, and contrary to law.

11. Harmful error has been committed as to Plaintiff, Gregory D. Hobbs.

12. Regarding Plaintiff, Emma Hobbs'[s] derivative claim, the Jury found that the Defendant was not at fault.

13. The verdict on the derivative claim is inconsistent with the Jury's determination of fault on the primary claim.

14. Harmful error has occurred as to the Plaintiff, Emma J. Hobbs.

Record at 16–17.

In ordering a new trial because the jury verdict was not in accord with the evidence, the trial court made special findings with regard to the issues upon which it granted a new trial. The order for a new trial was not based on finding that the verdict was against the weight of the evidence but rather was because the verdict was "contrary to the evidence, clearly erroneous, and contrary to law" as to Grego-

ry Hobbs and "inconsistent" with the jury's fault determination as to Emma Hobbs. *Id.* at 17. When, as here, a trial court grants a new trial on grounds that the verdict is *clearly erroneous* rather than because it is *against the weight* of the evidence, the findings need not set forth the supporting and opposing evidence.[2] T.R. 59(J); *State v. Kleman*, 503 N.E.2d 895, 896 (Ind.1987); *Karl v. Stein*, 749 N.E.2d 71, 78 (Ind.Ct.App.2001); *Keith v. Mendus*, 661 N.E.2d 26, 32 (Ind.Ct.App. 1996). The trial court did not err in this regard.

■ The defendant also alleges that the trial court's findings failed to "show why judgment was not entered upon the evidence," as required when a new trial is ordered on grounds that the verdict is clearly erroneous as contrary to or not supported by the evidence. T.R. 59(J). The language of this requirement was part of Trial Rule 59 when it was first proposed for adoption in 1970. In the accompanying comments, the Civil Code Study Commission explained:

> The requirement that the judge state reasons for granting a new trial when it determines that the findings or verdict is contrary to or not supported by evidence is clearly erroneous is included because the trial court is required to enter judgment unless the need for a new trial is established. This will give the court upon review some basis for determining whether or not the order

was correct. It will also force the court to think out those issues upon which a new trial or upon which judgment should be entered, and thus will reduce the issues to be re-tried.

Civil Code Study Commission Comments to Rule 59, *reprinted in* 4 WILLIAM F. HARVEY, INDIANA PRACTICE 52 (2d ed. 1991) (citations omitted).

In the present case, the trial court's findings provide adequate explanation as to why the trial court ordered a new trial rather than entering a judgment on the evidence. The court did not take issue with the jury's determination that the defendant was at fault for the collision, but only with the jury's failure to award damages to plaintiff Gregory Hobbs and to award a judgment for plaintiff Emma Hobbs. While finding that these aspects of the jury's verdicts clearly erroneous as contrary to the evidence, the trial court could not, on this basis, affirmatively determine the proper amount of damages and enter a final judgment accordingly. From the trial court's findings, it is clear why it ordered a new trial rather than entering a judgment on the evidence.

We therefore reject the defendant's claims that the trial court's findings failed to comply with the procedural requirements of Trial Rule 59(J).

■ The defendant also argues that the trial court abused its discretion as a

---

2. When reviewing a new trial order finding that the verdict is *against the weight* of the evidence under Trial Rule 59, an appellate court examines the record to determine whether (a) the trial court abused its discretion; (b) a flagrant injustice has been done to the appellant; or (c) a very strong case for relief has been made. *Jones v. State*, 697 N.E.2d 57, 59 (Ind.1998); *Memorial Hospital v. Scott*, 261 Ind. 27, 33, 300 N.E.2d 50, 54 (1973). In this review, an appellate court insists upon exacting compliance with the re-

quirements that the trial court's findings identify the supporting and opposing evidence on each issue relevant to its ruling. "It is compliance with the arduous and time-consuming requirements of the Rule which provides assurance to the parties and the courts that the judge's evaluation of the evidence is better than the evaluation of the jury." *Nissen Trampoline Co. v. Terre Haute First Nat'l Bank*, 265 Ind. 457, 464-65, 358 N.E.2d 974, 978 (1976).

thirteenth juror when it set aside the jury verdicts and ordered a new trial. A trial court's authority to act under the "thirteenth juror" principle refers to its power to grant a new trial if it determines that the verdict is "against the weight of the evidence" pursuant to Trial Rule 59. *Kleman*, 503 N.E.2d at 896. As previously noted, the trial court's new trial order was not based upon its weighing of the evidence but upon its finding that the verdicts were clearly erroneous as contrary to the evidence. We elect to modify the defendant's argument to challenge the basis of the trial court's finding that the verdicts were clearly erroneous.

The trial court's special findings indicate that a new trial was ordered because the jury failed to award damages despite its finding that the defendant was at fault for the accident, the defendant's concession that the plaintiffs were not at fault, the parties stipulation that permanent impairment and medical expenses were incurred, and the court's finding that these damages resulted from the accident. The defendant contends that the jury may have determined that the plaintiff's injuries were not sustained in the collision but were preexisting.

The defendant acknowledges that on October 11, 1995, she lost control of her car and swerved into an adjacent lane striking the company van driven by the plaintiff, Gregory Hobbs, who was operating the van in the scope of his employment with G.T.E. Br. of Appellant at 4. The defendant contends that the accident occurred when she was suddenly blinded by the early morning sun as the road curved. The jury returned a verdict for the plaintiff Gregory Hobbs on liability, and the trial court order granting a new trial did not find the jury's fault determination to be erroneous.

Hobbs claimed that he suffered an occipital nerve injury resulting from the collision, with resulting medical expenses and permanent injury. During the trial, the court admitted into evidence the following written stipulation of the parties:

> The parties stipulate that the worker's compensation carrier paid to the healthcare providers for Mr. Hobbs the sum of $4,234.37 for medical expenses incurred and paid directly to Mr. Hobbs the sum of $2,500.00 in compensation for his 5% PPI rating. The parties further stipulate that if Mr. Hobbs should recover a verdict in this case, then the worker's compensation carrier is entitled to be reimbursed from any verdict.

Record at 477. Under Indiana's Workers Compensation program, benefits for medical expenses and awards for partial permanent impairment (PPI) require an employee injury "arising out of and in the course of the employment." Ind.Code § 22–3–6–1(e); *see also* Ind.Code §§ 22–3–3–4 & –10. Furthermore, in closing argument, counsel for the defendant stated to the jury:

> So, if I look at the medical expenses . . . , what I end up with is *$4,900 that are related to the accident . . . .* The other thing that you need to add on to that is the PPI rating for worker's comp., because if you do give money he needs to give back that to the worker's comp., so they've compensated him $2,500 for that PPI rating and I think you should give that back should you award damages in this case.

Record at 610–11 (emphasis added). By the stipulation and argument, the defendant has admitted that Gregory Hobbs sustained medical expenses and impairment as a result of the accident.

We conclude that the trial court did not abuse its discretion in finding the jury

verdicts to be clearly erroneous and in ordering a new trial.

On cross-appeal, the plaintiffs assert that the trial court erred in failing to limit its order granting a new trial to the issue of damages only. They correctly note that Trial Rule 59(J) also provides that "if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair."

When the liability is admitted or clear, and the sole remaining issue is the amount of damages, the case may be remanded for a new trial solely on the issue of damages. *Deible v. Poole*, 691 N.E.2d 1313, 1316–17 (Ind.Ct.App.1998), *adopted on transfer*, 702 N.E.2d 1076 (Ind.1998); *Brown v. Conrad*, 531 N.E.2d 1190, 1194 (Ind.Ct.App.1988). If liability is hotly contested and the evidence could have supported a verdict for either party, or if the verdict on liability was possibly a result of a compromise, it is improper to grant a new trial limited solely to the issue of damages. *Sherman v. Kluba*, 734 N.E.2d 701, 705 (Ind.Ct.App.2000).

Because T.R. 59(J) requires that a new trial be limited if possible "unless such relief is shown to be impracticable or unfair," and considering that the possibility of a jury compromise on fault was minimal under the circumstances presented in this case, we find that the new trial should be limited to the following issues: (a) the amount of damages to be awarded to plaintiff Gregory D. Hobbs, and (b) whether the plaintiff Emma J. Hobbs is entitled to a judgment in her favor and, if so, the amount of any damages.

### Conclusion

We affirm the trial court's judgment ordering a new trial and remand for a new trial on specific issues in accordance with this opinion.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.