Merle W. **MULLINS,** Appellant–
Defendant,

v.

Darrell **QUALKENBUSH,** Ginger
Qualkenbush, Appellees–
Plaintiffs.

No. 59A01–0203–CV–0108.

Court of Appeals of Indiana.

Nov. 6, 2002.

Patricia K. Woodring, Shawn M. Sullivan, Terrell, Baugh, Salmon & Born, LLP, Evansville, IN, Attorneys for Appellant.

James C. Tucker, Jennifer A. Tucker, Tucker and Tucker, P.C., Paoli, IN, Attorneys for Appellees.

## OPINION

VAIDIK, Judge.

### Case Summary

Merle Mullins appeals the trial court's grant of a new trial limited solely to the issue of damages. In particular, Mullins contends that because liability was hotly contested and the evidence could have supported a verdict for either party, the trial court should have granted a new trial on the issues of liability and damages. Because we find that liability was hotly contested and the evidence could have supported a verdict for either party in light of Mullins's sudden emergency defense, we

reverse the trial court and remand for a new trial on the issues of liability and damages.

### Facts and Procedural History

On the evening of March 14, 1998, Merle Mullins was traveling eastbound in his Dodge Caravan on a two-lane stretch of U.S. Highway 150 just outside Paoli, Indiana. Mullins's van was the first in a line of vehicles traveling eastbound on this stretch of the highway, which is mostly a no passing zone because of hills and curves in the road. An unknown vehicle was also traveling eastbound when it came upon the line of vehicles from behind. On several occasions, the unknown vehicle attempted to pass the line of vehicles. After entering a no passing zone because of an approaching hill, the unknown vehicle crossed over into the westbound lane and began overtaking the line of vehicles. At the same time, Darrell Qualkenbush and his wife Ginger were traveling westbound in their Jeep Cherokee when they came over the crest of the hill. At this point, the unknown vehicle was beside Mullins's van and began to squeeze its way back into the eastbound lane to avoid a head-on collision with the Qualkenbushes. As a result, the unknown vehicle forced Mullins's van off the road and onto a gravel shoulder. As Mullins tried to navigate his van back onto the road, he lost control of it, overcorrected, and ended up in the westbound lane, where he broadsided the Qualkenbushes. The unknown vehicle was never found.

On May 20, 1999, the Qualkenbushes filed a complaint for negligence against Mullins alleging that they sustained personal injuries and property damage as a result of the accident. Mullins filed an answer asserting the affirmative defense of sudden emergency. At the December 5–6, 2001, jury trial, the Qualkenbushes presented evidence that they incurred $16,511.49 in special damages. At the con-clusion of the trial, the jury found Mullins 100% liable. However, the jury awarded only $5,000 in damages, $11,511.49 less than the special damages incurred by the Qualkenbushes.

On December 7, 2001, the Qualkenbushes filed a motion to correct error pursuant to Indiana Trial Rule 59(J)(5) asking the judge to "enter a final judgment and increase the damages by additur to reflect the evidence presented to the jury." Appellant's App. p. 41. Following a hearing, the trial court entered extensive findings of fact and conclusions of law determining that the decision of the jury was against the weight of the evidence and granting a new trial "limited strictly and exclusively to the question of *DAMAGES*." Appellant's App. p. 11. This appeal ensued.

### Discussion and Decision

Mullins contends that the trial court erred in granting a new trial limited solely to the issue of damages. Specifically, Mullins argues that because liability was hotly contested and the evidence could have supported a verdict for either party, the trial court should have granted a new trial on the issues of liability and damages.

■ A trial court has wide discretion to correct errors and to grant new trials. *Dughaish ex rel. Dughaish v. Cobb*, 729 N.E.2d 159, 167 (Ind.Ct.App.2000), *reh'g denied, trans. denied*. We will reverse only for an abuse of discretion. *Id.* An abuse of discretion occurs when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences that may be drawn therefrom. *Id.* An abuse of discretion also occurs when the trial court's decision is without reason or is based upon impermissible reasons or considerations. *Id.*

■ Trial Rule 59(J)(5) provides:
The court, if it determines that prejudicial or harmful error has been commit-

ted, shall take such action as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the errors:

. . .

(5) In the case of excessive or inadequate damages, enter final judgment on the evidence for the amount of the proper damages, grant a new trial, or grant a new trial subject to additur or remittitur[.]

When liability is admitted or clear and the sole remaining issue is the amount of damages, the trial court may grant a new trial solely on the issue of damages. *Neher v. Hobbs*, 760 N.E.2d 602, 608 (Ind.2002); *see also Russell v. Neumann–Steadman*, 759 N.E.2d 234, 238 (Ind.Ct.App.2001) ("The proper remedy in a case such as this, where liability is clear through admission, and where the jury verdict was inadequate as a matter of law, is a new trial on the issue of damages."). However, "[i]f liability is hotly contested and the evidence could have supported a verdict for either party, or if the verdict on liability was possibly a result of a compromise, it is improper to grant a new trial limited solely to the issue of damages." *Neher*, 760 N.E.2d at 608. A compromise verdict is one where "the jury, in doubt as to the defendant's negligence or plaintiff's contributory negligence, returns a verdict for the plaintiff but in a lesser amount than it would have if these questions had been free from doubt." *Sherman v. Kluba*, 734 N.E.2d 701, 705 n. 2 (Ind.Ct.App.2000) (quotation omitted), *trans. denied.*

Mullins first asserts that a new trial limited solely to the issue of damages is improper because he did not admit liability. The Qualkenbushes respond that Mullins admitted liability when he stated that he lost control of the van and overcorrected. We disagree with the Qualkenbushes.

At trial, Mullins's defense was sudden emergency, and the trial court instructed the jury as such. The sudden emergency doctrine recognizes that "a reasonable person innocently deprived of time to consider his actions does not always exercise the same accuracy of judgment as one who has had the opportunity for reflection." *City of Terre Haute v. Simpson*, 746 N.E.2d 359, 367 (Ind.Ct.App.2001) (quotation omitted), *trans. denied.* Although the sudden emergency doctrine is generally described as an affirmative defense, it does not act to excuse fault but rather defines the conduct to be expected of a prudent person in an emergency situation. *Id.* Furthermore, when asked at trial if he felt that he was at fault for the accident, Mullins responded, "No, I don't." Tr. p. 125. In light of Mullins's sudden emergency defense and testimony explicitly denying fault for the accident, the fact that he stated that he lost control of the van and overcorrected is not an admission of liability. Rather, it was his description of what happened after the unknown vehicle forced him off the road and onto the gravel shoulder. We therefore consider whether liability was clear.

 Mullins next asserts that a new trial limited solely to the issue of damages is improper because liability was not clear but rather hotly contested. The Qualkenbushes respond that even if Mullins's statements do not amount to an admission of liability, his actions, specifically crossing over into the westbound lane, show that he is clearly liable for the accident. Again, we disagree with the Qualkenbushes. Mullins presented evidence at trial that he was forced off the road and onto the gravel shoulder by an unknown vehicle that even the Qualkenbushes' attorney referred to during trial as the "idiot driver." Tr. p. 9, 155. Mullins testified at trial that "[he] did all that [he] could do to keep [his] car

on the road." Tr. p. 125. The investigating police officer testified at trial that almost any vehicle would not have been able to navigate the gravel shoulder because of the drop off between it and the road. Furthermore, at least three of the six witnesses called at the two-day trial testified to the issue of liability. Therefore, because the issue of liability was hotly contested and could have supported a verdict for either party, especially in light of Mullins's sudden emergency defense, the trial court abused its discretion in granting a new trial limited solely to the issue of damages. We therefore reverse the trial court and remand for a new trial on the issues of liability and damages.

Reversed and remanded.

BAKER, J., and BARNES, J., concur.