## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 30 2018, 7:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Roman Lee Jones<br>Bunker Hill, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Monika Prekopa Talbot<br>Supervising Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Roman Lee Jones,<br>*Appellant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee*. | October 30, 2018<br><br>Court of Appeals Case No.<br>18A-CR-855<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Kathleen A. Sullivan, Magistrate<br><br>The Honorable Jerome L. Ezell, Judge Pro Tempore<br><br>Trial Court Cause No.<br>45G03-9501-CF-27 |

**Brown, Judge.**

[1] Roman Lee Jones, *pro se*, appeals the denial of his motion to correct sentence. We affirm.

## Facts and Procedural History

[2] The relevant facts as discussed in Jones's direct appeal follow:

> [Jones] and Kenneth Spiller were drug dealers who had been involved in selling cocaine from Levester Snelling's house. [Jones] and Spiller decided to kill Snelling either because Snelling owed Spiller money or because Snelling had informed police about the drug operations. When [Jones] and Spiller arrived at the house on January 20, 1995, they found Snelling in the northeast bedroom. Spiller entered the room and shot him. Spiller then walked to the southwest bedroom to join [Jones]. This room was occupied by four women smoking crack cocaine: Snelling's niece, Diane Snelling; his daughter, Stacey Snelling; and two friends, Terri Lee Ross and Geraldine Jackson. Two semi-automatic pistols were fired rapidly at the women in the room, killing Ross, Jackson, and Snelling's daughter. Only Snelling and his niece survived.

*Jones v. State*, 697 N.E.2d 57, 58 (Ind. 1998).

[3] In January 1995, the State charged Jones with Count I, murder of Stacey Snelling; Count II, murder of Terri Lee Ross; Count III, murder of Geraldine Jackson; Count IV, attempted murder of Diane Snelling; and Count V, attempted murder of Levester Snelling. In October 1996, a jury found Jones guilty as charged.

[4] On December 27, 1996, the trial Court entered its sentencing order. The order stated that the jury recommended that Jones be sentenced to death but that the

court did not accept the jury's recommendation. The court sentenced Jones to sixty years for each of his three murder convictions and forty-five years for each of his two attempted murder convictions. The court ordered that the sentences under Counts I through IV be served consecutive to each other and that the sentence for attempted murder under Count V be served concurrent with the other sentences for an aggregate term of 225 years.[1] The Indiana Supreme Court affirmed Jones's convictions on direct appeal. *See Jones*, 697 N.E.2d 57. In June 2004, this Court affirmed the denial of Jones's petition for post-conviction relief. *See Jones v. State*, No. 45A05-0309-PC-469 (Ind. Ct. App. June 28, 2004), *trans. denied*.

[5]     Jones filed a motion to correct sentence in January 2006 alleging the trial court had improperly imposed consecutive sentences. The trial court denied the motion in February 2006, and Jones appealed. In September 2006, this court issued a decision affirming the trial court's denial of Jones's January 2006 motion and observing that the "motion derive[d] from Indiana Code section 35-38-1-5," and that Jones argued the court improperly sentenced him "based upon Indiana Code section 35-50-1-2(d), which was allegedly not in effect at the time he committed the offenses." *See Jones v. State*, 45A03-0604-PC-162, slip op. 3-4

---

[1] The order stated the following in aggravation: "1) the defendant murdered more than one person; 2) imposition of a reduced sentence or the imposition of concurrent sentences would depreciate the seriousness of the crimes; 3) the facts of the crimes are of a particularly heinous nature; and 4) the families of the victims suffered extensive emotional damage as a result of the murders." Appellant's Appendix Volume 2 at 19. The court found the following in mitigation: "1) defendant's youthful age of 21 years and 2) the defendant has no prior felony convictions." *Id*.

(Ind. Ct. App. September 18, 2006). The order also provided that "[t]o evaluate this claim, [the court] must determine the date on which Jones committed the offenses, the date on which Indiana Code section 35-50-1-2(d) became effective, and whether, in fact, the trial court relied upon that statute in imposing consecutive sentences on Jones," and that those determinations were dependent on matters outside the face of the sentencing judgment. *Id*. at 4-5.

[6] On March 7, 2018, Jones filed a motion to correct sentence requesting an order that his sentences be served concurrently, and on March 12, 2018, the trial court denied the motion.[2]

## *Discussion*

[7] Jones asserts that the trial court erred in sentencing him "to a mixed and blended sentence . . . in which it lacked statutory authority, according to Indiana Code 35-50-1-2." Appellant's Brief at 6. He argues the court had the choice "to either run the sentence concurrently *or* consecutively, although not a combination of both." *Id*. at 12. The State responds that, to the extent Jones's entire claim is that his sentence was a "blended" sentence and improper on that basis, the claim can be resolved from the face of the judgment. Appellee's Brief at 7. The State argues that, although a "sentence in one count cannot be split," this "does not mean that of [sic] a defendant is convicted of multiple counts,

---

[2] The appellant's appendix does not contain a copy of this motion. An entry in the chronological case summary dated March 12, 2018, states: "On 03-07-18, Roman Jones filed pro se motion to correct sentence to be served concurrent, which is denied." Appellant's Appendix Volume 2 at 3.

some cannot be ordered to be served concurrently while others are ordered to be served consecutively." *Id*. at 8.

[8] In *Wilson v. State*, the defendant filed a *pro se* motion to correct erroneous sentence. 5 N.E.3d 759, 761 (Ind. 2014). The Indiana Supreme Court observed that Ind. Code § 35-50-1-2(c) provided that "the court shall determine whether terms of imprisonment shall be served concurrently or consecutively" except in certain enumerated exceptions,[3] and held:

> [T]rial courts may not impose partially consecutive, hybrid, or blended sentences for multiple convictions. They may impose consecutive sentences or concurrent sentences within the bounds of the statutory provisions—and may impose some sentences as consecutive and some as concurrent in a single sentencing order—but may not split a conviction's sentence such that a portion of it is served consecutive to other sentences and a portion served concurrent.

5 N.E.3d at 763-764. The Court expressly addressed the argument that "there are only two possible sentencing alternatives coming out of this statute—all sentences served concurrently, or all served consecutively," and held:

> [W]e agree with the State that this is not the law. It is a relatively common practice for courts in this state to fashion an aggregate sentence involving three or more convictions so that some sentences are served concurrently and others served

---

[3] The Court noted that "[t]he pertinent part of this statute—that the court shall determine whether sentences are served concurrently or consecutively—was in effect at the time Wilson committed his crimes in 1995." 5 N.E.3d at 763 n.2 (citing Ind. Code § 35-50-1-2 (Supp. 1994)). This part of the statute was also in effect at the time Jones committed his crimes.

consecutively—particularly when two or more of the convictions are for the same offense—and we think that comports with the language of the statute.

*Id*. at 764 n.3.

[9] Here, the trial court's December 27, 1996 sentencing order provided: "The sentences in Counts I, II, III and IV are to be served consecutively to each other; the sentence in Count V is to be served concurrently with the sentences imposed in Counts I, II, III and IV, for an aggregate sentence of 225 years." Appellant's Appendix Volume 2 at 19. The trial court did not "split a conviction's sentence such that a portion of it is served consecutive to other sentences and a portion served concurrent." *See Wilson*, 5 N.E.3d at 764. The court, rather, fashioned an aggregate sentence such that some sentences are served consecutively and others are served concurrently. Jones's arguments are not persuasive.

## *Conclusion*

[10] For the foregoing reasons, we affirm the trial court's March 12, 2018 ruling.

[11] Affirmed.

Altice, J., and Tavitas, J., concur.